IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JASON BRISTOR,

           :   C.A. No. K19A-07-001 WLW

   Claimant Below -

   Appellant,

  v.

DOVER DOWNS,

   Employer Below -

   Appellee.

Submitted: January 4, 2021
Decided: March 31, 2021

## ORDER

Upon Appellant's Application for Attorney's Fees
*Deferred.*

Walt F. Schmittinger, Esquire and Candace E. Holmes, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorneys for Appellant.

John J. Ellis, Esquire of Heckler & Frabizzio, Wilmington, Delaware; attorney for Appellee.

WITHAM, R.J.

Before the Court is Appellant's, Jason Bristor (hereafter "Appellant"), Application for Attorney's Fees Pursuant to 19 Del. C. § 2350(f). The application is opposed by Appellee, Dover Downs (hereafter "Appellee"), and, after consideration of the record, this Court defers Appellant's application for the following reasons:

## Facts and Procedural Background

1. Appellant seeks an award of attorney's fees in relation to an appeal brought before this Court of an Industrial Accident Board (hereafter "the Board") decision that this Court remanded to the Board for clarification. After ordering the remand, Appellee moved for reargument.[1] On October 16, 2020, this Court heard oral argument on the motion for reargument, and, on October 20, 2020, Appellant filed the present Application for Attorney's Fees. The Board has yet to issue its conclusion in response to this Court's remand for clarification.

2. Appellant's appeal was brought on the grounds that an exhibit that was submitted to the Board before the hearing was erroneously disregarded by the Board in its decision. This Court's Order of May 18, 2020 remanding the case sought clarification as to whether the Board did consider the Exhibit. This Court noted that "[i]f the Board did, in fact, consider the document and made its decision not to award payment based on the way it resolved conflicting evidence, this Court would affirm the Board's decision absent legal error."[2]

---

[1] This Court denied the motion for reargument on January 4, 2021. See *Bristor v. Dover Downs, Inc.*, C.A. No. K19A-07-001 (Del. Super. Jan. 4, 2021) (ORDER).

[2] *Bristor v. Dover Downs, Inc.*, C.A. No. K19A-07-001 at ¶ 8 (Del. Super. Jan. 4, 2021) (ORDER).

**Parties' Contentions**

3. Appellant argues that this Court's remand of the Board's finding equated to an affirmation of Appellant's position presented to the Board, and, because of this, attorney's fees are appropriate at this time. Appellee's argument is that, since the Board has not issued its findings in accordance with the remand, Appellant's application for attorney's fees is premature.

**Standard of Review**

4. Pursuant to 19 Del. C. § 2350(f), the Superior Court has the discretion to award reasonable attorney's fees for an appeal from an Industrial Accident Board decision conditioned on the Superior Court affirming the claimant's position presented before the Board.[3] The statute's purpose is to allow recovery of attorney's fees for claimants who successfully appeal unfavorable Board decisions.[4] When exercising its discretion after ordering a remand of the claimant's appeal, the Court must make a determination that the remand constituted an affirmance of the claimant's position before the Board.[5]

5. This determination is made under the confines of the language of the statute and the discernable intent of the Legislature. "[T]he Legislature intended that while the success of the appeal continues to be an important factor, in cases where the claimant is the appellant, the claimant must have pursued the specific position they are arguing on appeal at the Board proceeding."[6] Where there is a remand for

---

[3] *Holben v. Pepsi Bottling Ventures, LLC*, 2019 WL 549036 at *1 (Del. Super. Feb. 11, 2019); citing 19 Del. C. § 2350(f).
[4] *Id.*; citing *Elliot v. State*, 2012 WL 7760033 at *1 (Del. Super. Dec. 24, 2012).
[5] *Murtha v. Continental Opticians, Inc.*, 729 A. 2d 312 at 315 (Del. 1997).
[6] *Id.* at 318.

clarification, and not a reversal of the Board's decision or a comment on the adequacy of the Board's decision, the claimant cannot claim to have been affirmed on appeal.[7]

## Discussion

6. Appellant brought his appeal on the basis that the Board erred in its decision when it did not consider the full record containing the Exhibit in question. However, the remand order from this Court sought to clarify whether the Exhibit in question was considered at all. The Appellant makes an unsupported assumption at this stage. The fact that this Court's order explicitly stated that, had the Board's decision been clear as to whether it did consider the Exhibit in question, it would have affirmed the Board absent any error of law speaks to the heart of the matter in this application for attorney's fees by Appellant.

7. As is made plain in the decision of *Holben v. Pepsi Bottling Ventures, LLC,* "[j]udicial economy and the statute's structure require [the Board] to first issue its final decision...After receiving [the Board's] decision on remand, the Superior Court will consider the pending application and issue its final order."[8]

## Conclusion

8. Appellant's application for attorney's fees is premature at this juncture. The issue Appellant brought on appeal before this Court was not affirmed. The Court's remand was for a clarification from the Board, and, depending on the Board's final decision addressing that request for clarification, this Court's final order on this matter could go against Appellant. As such, any requests for attorney's

---

[7] *Id.* at 320.

[8] *Holben v. Pepsi Bottling Ventures, LLC,* 2019 WL 549036 at *1 (Del. Super. Feb. 11, 2019).

4

fees by the Appellant should wait until the Board has presented its final decision and this Court has had a chance to reach its ultimate conclusion.

**WHEREFORE**, because of the reasons explained above, this Court **DEFERS** Appellant Jason Bristor' s Application for Attorney's Fees Pursuant to 19 Del. C. § 2350(f) pending decision of the Board Below.

**IT IS SO ORDERED**.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh